UNITED STATES of America

v.

Herman TAYLOR.

No. 19116.

United States District Court
E. D. Pennsylvania.

Sept. 13, 1956.

W. Wilson White, U. S. Atty., and G. Clinton Fogwell, Jr., Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Charles F. Nahill, of Witken & Egan, Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

 This case involves the adequacy of the proofs to support defendant's contention that a loan of $10,000 made by Charles Price, of Burnt Mills Hills, Maryland, to defendant, on or about September 28, 1949,[1] was made in the District of Columbia so that the three-year period of limitations prescribed by the District of Columbia Code[2] governs rather than Pennsylvania's six-year period of limitations.[3] The record before the court on this motion of defendant for summary judgment[4] consists of affidavits, depositions and the pleadings.

An uncontradicted affidavit of Charles A. Ryan dated 5/5/56 states that in late September 1949, "Charles Price loaned Herman Taylor $10,000. by giving a check to Herman Taylor" in O'Donnell's Seafood Restaurant, E Street, Washington, D. C.[5] At Mr. Ryan's deposition, taken by plaintiff on 5/29/56, he stated:[6]

1. Paragraph IV of the Complaint provides:

"On or about September 28, 1949, the defendant Herman Taylor, borrowed the sum of $10,000.00 from Charles Price of Burnt Mills Hills, Maryland. Said loan was made in the form of a negotiable instrument drawn upon The Riggs National Bank of Washington, District of Columbia, dated September 28, 1949, and payable to the order of Herman Taylor in the amount of $10,000.00"

2. Section 201(4) of Chapter 2, Title 12, of the District of Columbia Code, page 446 of 1951 Edition, provides that an action on an express or implied contract or for the recovery of personal property must be brought within three years. Subsection (6) of the above-mentioned Section 201 provides that no action, the limitation of which is not otherwise specifically prescribed in this section, shall be brought after three years. The District of Columbia courts have held that this statute of limitations begins to run from the date of the loan and not from the date of demand. Schupp v. Taendler, 1946, 81 U.S.App.D.C. 59, 154 F.2d 849; Feucht v. Keller, 1939, 70 App.D.C. 117, 104 F.2d 250. Since there is no applicable federal statute of limitations, the law of the state where the district court sits determines the period within which the suit may be brought. See Cope v. Anderson, 1947, 331 U.S. 461, 463–464, 67 S.Ct. 1340, 91 L.Ed. 1602. The following Pennsylvania statutory language requires the Pennsylvania courts to follow the District of Columbia period of limitations in this case if the cause of action arose there, 12 P.S. § 39:

"When a cause of action has been fully barred by the laws of the state or country in which it arose, such bar shall be a complete defense to an action thereon brought in any of the courts of this commonwealth."

See, also, Cope v. Anderson, supra, 331 U.S. at page 468, 67 S.Ct. 1340.

3. 12 P.S. § 31. Plaintiff's brief (pp. 3 & 4) relies on this statutory provision but there is no evidence in the record to show that the loan was made in Pennsylvania and this provision must be read in conjunction with 12 P.S. § 39, referred to in footnote 2 above.

4. It is unnecessary to consider the additional grounds for summary judgment stated in the motion, since the record makes clear that this action is barred by the statute of limitations.

5. This affidavit states that Charles A. Ryan had been "personally and intimately acquainted" with Charles Price for 20 years prior to the death of Mr. Price in October 1949.

6. On cross-examination by defendant's counsel, Mr. Ryan testified as follows at page 13:

"A. Well, Mr. Taylor mentioned that the check was for—looking at it—'This is for $10,000,' and then he mentioned the figure that he needed. He said either—I would not be too sure about the exact figure—$5,000 or $6,000 or $7,000; but it was in that neighborhood.

"When Mr. Price handed Mr. Taylor the check, he said, 'Here is the money that you need.' I don't remember him saying anything about a loan."

In all other respects, his deposition confirmed his affidavit and explained that "he remembered the incident because he thought it was so fine that Mr. Price was helping the defendant who had "made" Mr. Price. The deposition also states that Mr. Price and Mr. Taylor agreed at this restaurant meeting to meet again in Atlantic City.

Charles Ford, Esq., a practicing attorney since 1922, stated by deposition [7] that he was a close and intimate friend of both Charles Price, who was manager in the Maryland Athletic Club, and the defendant, a boxing promoter of many years' standing, and that he knew the defendant borrowed $10,000 from Charles Price in 1949. Also, he testified that a few days after the loan was made, he saw defendant give Charles Price $3,500 in cash at a restaurant in Atlantic City as partial repayment of the above-mentioned $10,000 and that the word "loan" was mentioned at that time.

This evidence makes clear that the loan forming the basis of the complaint (see footnote 1, supra) was made in Washington, D. C., so that the cause of action arose there. The three-year period of limitations applied in the District of Columbia is, therefore, applicable.

[4] The plaintiff also contends that the statute of limitations is no defense to this action by the sovereign because Congress has not clearly manifested its intent that the Government be bound by such statute, citing United States v. Nashville, C. & St. L. Ry. Co., 1886, 118 U.S. 120, 6 S.Ct. 1006, 30 L.Ed. 81.[8] However, the Supreme Court was careful to point out in this Nashville, C. & St. L. Ry. Co. case, 118 U.S. at page 125, 6 S.Ct. at page 1008, that this principle did not apply where the period of limitations prescribed by state law had run prior to the assignment of the obligation to the United States, using this language:

"The nature and legal effect of any contract, indeed, are not changed by its transfer to the United States. * * * They take such paper subject to all the equities existing against the person from whom they purchase at the time when they acquire their title; and cannot, therefore, maintain an action upon it if at that time all right of action of that person was extinguished, or was barred by the statute of limitations."

The United States Supreme Court has followed the rule that an assignment of a claim to the United States cannot give such claim any greater validity than it had in the hands of the assignor for over a century and a quarter. See United States v. Buford, 1830, 3 Pet. 12, 28 U.S. 12, 7 L.Ed. 585;[9] Guaranty

"Q. In other words, when Mr. Price gave Mr. Taylor a check, Mr. Taylor in effect said, 'This is for $10,000 and I only asked you for so much'? Is that right? A. That is the substance, yes.

"Q. And your recollection now is that the 'so much' you mentioned, was $5,000; $6,000; or $7,000. A. Yes.

"Q. Mr. Taylor said, 'I only asked you for $5,000', or $6,000 or $7,000, whichever the figure was that he mentioned, and the check was for $10,000? A. That is right.

"Q. Now, when Mr. Taylor said that to Mr. Price, what did Mr. Price say to Mr. Taylor, if anything? A. He mentioned, 'Well, I will see you in Atlantic City.' "

Although defendant emphasizes the inability of Mr. Ryan to remember the use of the word "loan" at the time the $10,000 check was delivered, plaintiff would have no cause of action if this was a gift and the testimony of Mr. Ford indicates that the transaction was a loan.

7. It is noted that defendant had no counsel present to represent him at this deposition taken 2/17/56.

8. The obligations involved in the other cases cited by the plaintiff at page 6 of its Supplemental Memorandum were assigned to the United States prior to the expiration of the period of limitations.

9. In the Buford case, the court said, 28 U.S. at page 30:

Trust Co. v. United States, 1938, 304 U.S. 126, 141–143, 58 S.Ct. 785, 82 L.Ed. 1224.[10] In this case, the assignment, which is attached as an exhibit to the complaint, is dated December 15, 1953, and there is nothing in the record which would indicate a tolling of the start of the period of limitations beyond November 1, 1949,[11] so that the applicable statute of limitations [12] had barred the assignor's claim more than a year prior to its assignment to plaintiff.

### Order

■ And Now, September 13, 1956, defendant's motion for summary judgment is granted [13] and it is ordered that judgment be entered for the defendant.

> "As more than five years had elapsed from the date of the receipt to the assignment, the statute of limitations will bar a recovery of this claim, unless the transfer of it to the United States has changed its character, or the terms of the receipt prevent the statute from operating, or, by some promise or agreement between Morrison and Buford, the statute has been waived. It can require no argument to show, that the transfer of any claim to the United States cannot give to it any greater validity than it possessed in the hands of the assignor. If the character of the claim be so changed, as to exempt it from the operations of the statute of limitations, after the transfer, such transfer cannot have the effect to take the claim out of the statute, when it has run."

10. In the Guaranty Trust Company case, the court used this language, 304 U.S. at pages 141–142, 58 S.Ct. at page 793:
> "The question is whether the exemption of the United States from the consequences of the neglect of its own agents is enough to relieve it from the consequences of the Russian Government's failure to prosecute the claim. Proof, under a plea of limitation, that the 6-year statutory period had run before the assignment offends against no policy of protecting the domestic sovereign. It deprives the United States of no right, for the proof demonstrates that the United States never acquired a right free of a pre-existing infirmity, the running of limitations against its assignor, which public policy does not forbid."

11. Mr. Ford testified that defendant made a payment on account of this loan in September or October 1949 at Atlantic City, N. J. (pp. 9–12 of Ford deposition).

12. See footnote 2 above.

13. This is a particularly appropriate case for summary judgment since the depositions of all persons having any knowledge of the place where the alleged loan was made have been filed. In view of the Pennsylvania "dead man's" statute, 28 P.S. § 322, the contents of the deposition of defendant taken March 26, 1956 (filed September 6, 1956), and of his affidavit filed October 11, 1955, which is confirmed by the deposition, have not been considered as part of the record for purposes of considering the motion for judgment, even though the Pennsylvania rule that examination of such a surviving party to the contract by his adversary makes such testimony competent [see Gallagher v. Rogan, 1938, 330 Pa. 545, 549, 199 A. 168 and In re Gerlach's Estate, 1950, 364 Pa. 207, 215, 72 A.2d 271, 16 A.L.R.2d 1397], may permit the use of such a deposition in this case. Compare Anderson v. Benson, D.C.Neb. 1953, 117 F.Supp. 765, 770–772, and Duling v. Markun, 7 Cir., 1956, 231 F. 2d 833, 839, which do not involve summary judgment proceedings, with the terms of F.R.Civ.P. 56(c), 28 U.S.C., requiring that the judgment be rendered after consideration of "depositions * * on file". However, the court must consider that plaintiff has produced no counter-affidavits or evidence to contradict the depositions and affidavit referred to in the foregoing opinion. Also, it is noted that, even though this case was continued at the time of its listing for argument in October 1955, as the result of a letter dated October 14, 1955, from the United States Attorney's office stating the Government wished an opportunity to prepare a counter-affidavit, no such affidavit has ever been filed.