Adriana VILLA and Juan Villa, minor children, By and Through their conservator and natural mother, Armida VILLA, Plaintiffs,

v.

Tommie ROBERTS, a/k/a Tom Roberts, Defendant.

No. 98–1384–JTM.

United States District Court, D. Kansas.

Jan. 7, 2000.

---

William J. Graybill, Graybill & Witcher, Elkhart, KS, for Armida Villa.

Brian C. Wright, Lewis M. Reagan, Turner & Boisseau, Chartered, Great Bend, KS, for Tommie Roberts.

## MEMORANDUM ORDER

MARTEN, District Judge.

The plaintiffs in the present action, Adriana Villa and Juan Villa, by and through their conservator and natural mother, seek recovery for personal injuries allegedly caused by defendant Tommie Roberts, the driver of a bus in which they were passengers. In the motion before the court, defendant Roberts seeks the dismissal of the plaintiffs' claims for medical expenses. The essence of Roberts's argument is that Kansas follows the general rule, recently recognized in *Wilson v. Knight*, 26 Kan. App.2d 226, 982 P.2d 400 (1999), that "the parent rather than the child is entitled to recover medical expenses" for injury to the child. Here, the accident causing the injuries to the plaintiffs Adriana and Juan Villa occurred in 1990. The present action was not commenced until 1998. Roberts argues that the parents of Adriana and Juan are the real parties in interest for the claim for medical expenses, and that accordingly, the statute of limitations applicable to the case is not KSA 60–515(a) (which deals with minors), but the general two-year limitations period in KSA 60–513.

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In considering a motion for summary judgment, the court must examine all evidence in a light most favorable to the opposing party. *McKenzie v. Mercy Hospital*, 854 F.2d 365, 367 (10th Cir.1988). The party moving for summary judgment must demonstrate its entitlement to summary judgment beyond a reasonable doubt. *Ellis v. El Paso Natural Gas Co.*, 754 F.2d 884, 885 (10th Cir.1985). The moving party need not disprove plaintiff's claim; it need only establish that the factual allegations have no legal significance. *Dayton Hudson Corp. v. Macerich Real Estate Co.*, 812 F.2d 1319, 1323 (10th Cir. 1987).

In resisting a motion for summary judgment, the opposing party may not rely upon mere allegations or denials contained

in its pleadings or briefs. Rather, the nonmoving party must come forward with specific facts showing the presence of a genuine issue of material fact for trial and significant probative evidence supporting the allegation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Once the moving party has carried its burden under Rule 56(c), the party opposing summary judgment must do more than simply show there is some metaphysical doubt as to the material facts. "In the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial.*' " *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (quoting Fed. R.Civ.P. 56(e)) (emphasis in *Matsushita*). One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way that allows it to accomplish this purpose. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The facts of the case are not in dispute. With one exception,[1] neither party disputes the factual assertions of the other.

On October 24, 1990, Adriana and Juan Villa were injured when struck by an automobile after defendant Tommie Roberts had them disembark from the bus he was driving. Armida Villa is the natural mother of Adriana and Juan Villa. The natural father of Adriana and Juan, Juan Manuel Villa, is deceased. Juan and Adriana were 4 and 5 years old, respectively, at the time of the accident, and are currently 13 and 14 years old.

Plaintiffs have previously brought a friendly lawsuit, in Morton County District Court, against another tortfeasor, captioned *Adriana Villa and Juan Villa, minor children, by and through their next friend and natural mother, Armida Villa v. Esther P. Conaway, a/k/a Pearl Conaway.*

Conservatorships were established for both children. Both conservatorships are currently active. Funds received in the *Conaway* case have been distributed through the conservatorships. Medical expenses incurred from the accident were satisfied by funds received through the *Conaway* case.

Armida Villa brings the present lawsuit as the conservator and natural mother of Adriana and Juan Villa. She is not bringing an individual cause of action. She alleges that both children have incurred medical bills in the past and will incur medical bills and expenses in the future for treatment of their injuries. Specifically, plaintiff Juan Villa is claiming $13,000 in past medical bills and $37,000 in future medical expenses. Adriana Villa is claiming $59,000 in past medical expenses and $50,000 in future medical bills.

### Conclusions of Law

■ As noted earlier, the essence of the defendant's argument is that any claim for medical expenses rests solely with the parents of Juan and Adriana Villa, pursuant to *Wilson v. Knight*, 26 Kan.App.2d 226, 982 P.2d 400 (1999), and that such an action by the parents is now time-barred. The plaintiffs first respond by arguing that *Wilson* is inapplicable, since, in that case, the action was brought by the former minor, in his own name, after he had reached majority. In the present case, by contrast, the plaintiffs are still minors. However, while there may be differences in the factual circumstances of the case, the court cannot find that the holding in *Wilson* is therefore inapplicable. Regardless of when the action is brought (before or after the child reaches majority), the holding of *Wilson* remains the same: "unless the child is emancipated, the parent rather

---

**1.** Defendant Roberts asserts that Armida Villa is listed as the guarantor or responsible party for the medical bills of Adriana and Juan Villa. The plaintiffs contend in their re-sponse, and Roberts subsequently concedes, that this statement of uncontroverted fact was not supported with admissible evidence consistent with D.Kan.R. 56.1.

than the child is entitled to recover medical expenses." 982 P.2d at 405 (agreeing with majority rule).

■ However, the court finds that the plaintiffs' present claim for medical expenses falls within at least one of the exceptions specifically identified in *Wilson*. In that case, the court noted the existence of four exceptions to the general rule that the action for medical expenses rests exclusively with the parents:

(1) when the minor child has paid or agreed to pay the expenses, (2) when the minor child is legally responsible for payment, such as by reason of emancipation, or the death or incompetency of his parents, (3) when the parents have waived or assigned their right of recovery in favor of the minor child, or (4) when recovery of expenses is permitted by statute.

Id. at 405–06 (citing *Moses v. Akers*, 203 Va. 130, 132, 122 S.E.2d 864 (1961) (citing 43 C.J.S. Infants § 104(d)); Tellier, 32 Annotation, ALR2d 1060).

■ With the exception of the last exception (no one contends there is explicit statutory authority for the minor child to recover such expenses), plaintiffs argue that the first three exceptions are met here. The court finds it is unnecessary to decide whether the first two exceptions are met, since the court finds that the third exception applies herein.

In the course of its opinion, the *Wilson* court cites with approval the early Kansas decision in *Abeles v. Bransfield*, 19 Kan. 16, 1877 WL 960, *3 (1877). That case was an action for medical expenses which was brought by the parent in the name of her child. In the course of its opinion, the court wrote:

As she commenced this action in her son's name, as his next friend, and set forth in the petition said loss of time and said expenses as a part of her son's damages, and asked judgment in favor of her son for such damages, it must now be conclusively presumed that she relinquished and gave to her son all claim that she might have had for compensation for such loss of time and such expenses.

*Abeles*, 19 Kan. 16, 1877 WL 960 at *3.

Roberts responds to this by arguing (Reply, at 10–11) that such an exception should not apply since the statute of limitations would have run on the parent's claim prior to any showing of waiver on the part of the parent. Roberts also cites decisions from two other jurisdictions (*Garay v. Overholtzer*, 332 Md. 339, 631 A.2d 429 (1993); *Macku v. Drackett Prod. Co.*, 216 Neb. 176, 343 N.W.2d 58 (1984)) upholding dismissal of actions in similar circumstances. Finally, Roberts argues, the essence of the plaintiffs' position would mean that "waiver" would be so broad that it would make a mockery of and indeed swallow the general rule that "the parents of an unemancipated child are ordinarily the real parties in interest" as to claims for medical expenses. *Wilson*, at Syl. ¶ 7, 982 P.2d 400.

The court finds little merit in defendant's arguments. The statute of limitations may have run on a direct claim by the parents, but there is no showing that the claim by the minor children is untimely. And, in neither *Garay* nor *Macku* was a credible claim of waiver presented to the court. More fundamentally, defendant's argument would have more credibility if defendant offered any substantial rationale for adopting a cramped, narrow interpretation of "waiver" as it relates to the ability of a child to bring an action for medical expenses against the person causing his injuries. To the contrary, defendant's argument runs contrary to the authorities cited with approval in *Wilson*. As one of those authorities concluded, "no reason has been suggested why a parent may not thus release to the child his right to items of damage." 32 ALR.2d at § 13, 1083.

Similarly, the authorities relied upon by the annotations cited in Wilson equally support a broad interpretation of waiver. As the court wrote in *Pearson & Dickerson Contractors v. Harrington*, 60 Ariz.

354, 364–65, 137 P.2d 381 (1943), the general rule is

> intended to protect a defendant against having to pay such expenses a second time and can have no place in a case where the parents have sued for such expenses as guardians ad litem of the child, or where the parents have consented to or approved the recovery of such expenses in an action by the child, which is the situation here. The parents' right to recover such expenses is an ordinary chose in action which they release to the injured infant and certainly, when they bring an action for such expenses in the name of the infant and as his guardians ad litem, it amounts in law to such an assignment.

In other words, a waiver should be considered sufficient so long as it is sufficient to meet the purpose of the rule by protecting the defendant against the danger of a double recovery. The cases cited in 32 ALR.2d 1060 and 43 C.J.S Infants § 219(b) (cited in *Wilson* as § 104(d)) establish that waiver can be established in a wide variety of circumstances, including bringing a suit as next friend (as in the Kansas case of *Abeles* ); by testifying in support of the child's suit, or by executing a formal waiver of rights. Indeed, two federal courts have concluded that a parent's failure to file an action within an appropriate period of limitations constitutes a waiver which would permit an independent action for medical expenses by the child. *McNeill v. United States,* 519 F.Supp. 283, 290 (D.S.C.1981); *Sox v. United States,* 187 F.Supp. 465, 469–70 (E.D.S.C.1960). It is true that this conclusion has been rejected in cases such as *Garay,* 332 Md. at 363, 631 A.2d 429. Nonetheless, the court cannot find that Kansas would adopt such an approach, which would place the form of the statute of limitations over the substance, the very purpose of the general rule providing that an action for medical expenses lies—in the first instance—with the parent. As the court in *Sox* concluded:

> The underlying reason for these rules is to prevent double recoveries. It is not to excuse liability. By not asserting within the two-year statutory period any right that they may have had to recover for such cost, the parents have absolutely and irrevocably waived any right that they may have had in that respect. This does not, however, bar the infant nor does it excuse liability.

187 F.Supp. at 469–70.

In *Abeles,* the Kansas Supreme Court recognized the general rule, but clearly emphasized that the barriers to a unified action should not be significant:

> A parent ought to have such power [to give her child the ability to bring an action for expenses caused by an accident]. By allowing the child to recover for loss of time and expenses, it avoids the necessity for two suits. If no such power exists, then the parent must sue for the loss of time and expenses, and the child must sue for the injury, the pain, suffering, etc. This would require two suits where one ought to be sufficient. The law ought to be such that both actions might be united into one. It would save a great deal of trouble and expense. And no insuperable objection can be urged against such a union, that we are aware of. Primarily, we suppose that the right to compensation for loss of time and expenses belongs to the child. [Permitting waiver] gives to the child the power to recover and use what really belongs to the child.

19 Kan. 16, 1877 WL 960, at *3.

Here, Armida Villa has explicitly confirmed that she brings no action for medical expenses in her own name. (Resp. at 11). Armida Villa has supported the claim for medical expenses of Juan and Adriana Villa by giving deposition testimony supporting those claims. She did not bring any action on her own behalf during the applicable limitations period. There is, accordingly, not the slightest basis for fearing that the defendant may be subjected to a double recovery, by having to pay the costs of the medical expenses to both Juan and Adrian and to their parents.

The court concludes that the claim for medical expenses is properly and timely brought, and will not be dismissed.