228 P.3d 938

**ESTATE OF Maddison Alexis DESELA, a protected person, Plaintiff/Appellant,**

v.

**PRESCOTT UNIFIED SCHOOL DISTRICT NO. 1, a public entity of the State of Arizona; Louisa Nelson, an employee of Prescott Unified School District; Tracey Mason Johnston, an employee of Prescott Unified School District, Defendants/Appellees.**

**No. 1 CA–CV 09–0244.**

Court of Appeals of Arizona, Division 1, Department C.

April 20, 2010.

As Amended May 27, 2010.

Jensen Law Firm, P.C. By Christopher W. Jensen, Sean Phelan, Prescott, Law Offices of Charles M. Brewer Ltd. By David L. Abney, Phoenix, Co–Counsel for Plaintiff/Appellant.

Holm Wright Hyde & Hays PLC By Matthew W. Wright, David K. Pauole, Phoenix, Attorneys for Defendants/Appellees.

## OPINION

KESSLER, Judge.

¶1 The estate ("Estate") of Maddison Alexis DeSela ("Maddison") appeals from the superior court's dismissal of its claim for medical expenses for Maddison's personal injuries. Even though Maddison's mother had assigned that claim to Maddison or the Estate *before* the statute of limitations had run on the claim and Maddison had filed a timely notice of claim, the court held the Estate's

claim for those expenses was timebarred. We hold that because the claim was assigned before the statute of limitations had run, the limitations period was tolled under Arizona Revised Statutes ("A.R.S.") section 12–502 (2003) until Maddison reached the age of majority. Thus, that portion of the Estate's suit for those expenses was timely filed. Accordingly, we reverse and remand for further proceedings consistent with this decision.

## FACTUAL AND PROCEDURAL HISTORY

¶2 On November 10, 2004, Maddison, then a sixteen-year-old student at Prescott High School, attended a rehearsal for the school's production of "Bye Bye Birdie." During an unsupervised break from the rehearsal, Maddison rode on the top of another student's car, lost her grip, and struck her head on the asphalt parking lot. She sustained a life-threatening closed-head injury.

¶3 On January 31, 2005, Maddison's mother, Aissa DeSela ("DeSela"), assigned her potential claim against the school district or its employees for Maddison's medical expenses to Maddison or her Estate.[1] The assignment provided:

> Assignor hereby assigns any and all claims (s)he has or will have as natural parent of Maddison DeSela for the past and/or future medical expenses of Maddison DeSela, a minor, directly to Maddison DeSela, a minor (or, in the event that the Superior Court of Arizona appoints a Conservator for Maddison DeSela in the future, as Assignor plans to request, then this assignment shall be to the conservatorship Estate of Maddison DeSela as a minor protected person).

¶4 On March 22, 2005, Maddison filed a timely notice of claim with the Prescott Unified School District No. 1 ("District").[2] Meanwhile, the Estate was opened in the Yavapai County Superior Court, Case No. GC 2005–0023.

---

1. Thus, the assignment occurred both within the 180–day time frame for filing a notice of claim and the one-year limitations period. *See* A.R.S. § 12–821.01(A) (2003); A.R.S. § 12–821 (2003).

2. The notice of claim document identifies the claimant as "Maddison Alexis DeSela" and is "approved" by DeSela as mother and guardian. The Estate maintains that Defendants received notice of the assignment in Maddison's notice of claim.

¶5 Maddison turned 18 on December 29, 2006. A year later, on December 31, 2007, the Estate filed suit against the Defendants for past and future medical expenses, as well as other damages.[3] The Defendants moved to dismiss the claim for medical expenses based upon the failure to file the suit within the one-year limitations period of A.R.S. § 12–821.

¶6 The superior court granted the Defendant's motion to dismiss and entered a judgment under Arizona Rule of Civil Procedure 54(b). This appeal followed.

## DISCUSSION

**I. As a Matter of Law, A.R.S. § 12–502 Applies and Tolls the Limitations Period for the Assigned Claim.**

■ ¶7 Although couched as a motion to dismiss, we treat the motion at issue as one for summary judgment in light of the documents submitted outside the pleadings during the briefing before the superior court. *Jones v. Cochise County,* 218 Ariz. 372, 375, ¶7, 187 P.3d 97, 100 (App.2008). We review the grant of summary judgment *de novo* and view the evidence and reasonable inferences in the light most favorable to the nonmoving party. *Andrews v. Blake,* 205 Ariz. 236, 240, ¶12, 69 P.3d 7, 11 (2003) (citation omitted). We also review *de novo* the superior court's construction of the applicable statutes. *N. Valley Emergency Specialists, L.L.C. v. Santana,* 208 Ariz. 301, 303, ¶8, 93 P.3d 501, 503 (2004) (citation omitted).

■ ¶8 Defendants do not dispute the assignment of the medical expenses. *See Pearson & Dickerson Contractors v. Harrington,* 60 Ariz. 354, 364, 137 P.2d 381, 385 (1943) (permitting such an assignment by a parent to a child).[4] Rather, the issue is whether the assignment of the claim to Mad-

dison/Estate *before* the statute of limitations had run under A.R.S. § 12–821 tolled the running of the statute under A.R.S. § 12–502. Section 12–821 provides that "[a]ll actions against any public entity or public employee shall be brought within one year after the cause of action accrues and not afterward."[5] Section 12–502 provides:

> If a person entitled to bring an action other than those set forth in article 2 of this chapter is at the time the cause of action accrues either under eighteen years of age or of unsound mind, the period of such disability shall not be deemed a portion of the period limited for commencement of the action. Such person shall have the same time after removal of the disability which is allowed to others.

■ ¶9 The superior court held that the cause of action accrued on November 10, 2004, and as to any claims against the governmental entity and its employees, expired one year after that date. According to the Estate, DeSela's assignment of the claim to Maddison (now held by the Estate) activated the tolling provision of A.R.S. § 12–502 and prevented the limitations period from expiring until Maddison reached eighteen on Saturday, December 29, 2006. Therefore the Estate argues its suit, filed on Monday, December 31, 2007, was timely.[6] Defendants argue the tolling provisions of § 12–502 cannot apply because the Estate, as the assignee, stands in assignor DeSela's shoes and can receive no more than what the assignor possessed. Because DeSela's claim is barred after one year, they reason, the Estate's claim is also barred.[7] We agree with the Estate.

¶10 We find several cases to be analogous to the situation presented here. In *Villa v. Roberts,* 80 F.Supp.2d 1229 (D.Kan.2000), the court applied a tolling statute to a claim

---

**3.** It is unclear from the record in this appeal why the Estate, and not Maddison, filed suit.

**4.** Arizona law has long held that "the proper party to bring an action for damages for injuries to a minor child and for the expenses of medical care and treatment was the parent and not the child...." *Pearson,* 60 Ariz. at 364, 137 P.2d at 385. The rationale is that a defendant should not be subjected to double recovery. *Id.* However, that rule does not apply where "the parents have consented to or approved the recovery of such expenses in an action by the child, which is the situation here." *Id.* A parent effectively consents to such an action by bringing a claim as a child's guardian or guardian ad litem. *Id.* While

"Arizona case law generally allows the assignment of unliquidated legal claims except those involving personal injury," *Webb v. Gittlen,* 217 Ariz. 363, 364, ¶6, 174 P.3d 275, 276 (2008), such an assignment is permitted when a parent assigns a minor the right to recover medical expenses. *Pearson,* 60 Ariz. at 364–65, 137 P.2d at 385–86 (citation omitted).

**5.** It is undisputed that the District is a public entity and Johnston and Nelson were its employees at all relevant times.

**6.** The anniversary of the tolled one-year statute of limitations was Saturday, December 29, 2007

brought for two children's medical expenses. The two minors were injured in 1990, but the parent did not bring suit as conservators until 1998. *Id.* at 1230–31. The mother had earlier established conservatorships for the children and had previously sued another defendant tortfeasor as their next friend. *Id.* at 1231. The district court held that the mother had waived her right to recover in her own name and the tolling statute applicable to minors, KSA 60–515(a),[8] controlled, not the general two-year limitations statute. *Id.* at 1230, 1232. Accordingly, the claim for the children's medical expenses was "properly and timely brought." *Id.* at 1234.

¶ 11 In *United States ex rel. Small Bus. Admin. v. Kurtz*, Guardian Life Insurance Company of America ("Guardian") lent money to Arnold's Cleaners, Inc. ("Arnold's"), and Arnold's owner Morris I. Kurtz ("Kurtz") provided a personal guaranty of the full loan amount under a Small Business Administration ("SBA") program. 525 F.Supp. 734, 736–37 (E.D.Pa.1981), *aff'd without opin.*, 688 F.2d 827 (3rd Cir.1982). The SBA honored Guardian's demand for payment after default, and Guardian assigned the SBA the right to collect on Arnold's note or on the guaranty. *Id.* at 737. The SBA subsequently sought to collect from Kurtz, who in turn argued that any claim was barred by a four-year state statute of limitations. *Id.* at 739. The SBA claimed that a federal six-year statute of limitations applied, *id.*, while Kurtz argued that the SBA, as assignee, stood in Guardian's shoes and its action was barred by the state statute of limitations. *Id.* at 741.

¶ 12 The district court acknowledged that the assignment of a claim to the United States "cannot give such claim any greater validity than it had in the hands of the assignor." *Id.* at 741. The court explained that if the government had acquired the claim *after* the limitations period had run against the assignor, it would be barred as worthless at the time of assignment. *Id.* "However, it is well established that if the Government is assigned a claim before the statute of limitations has expired against the assignor, the Government is thereafter subject only to the federal statute of limitations." *Id.* (citing *United States v. Summerlin*, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940); *United States v. Cardinal*, 452 F.Supp. 542, 543 n. 1 (D.Vt.1978); *United States v. Taylor*, 144 F.Supp. 15, 17 n. 8 (E.D.Pa.1956)). Because Guardian had assigned the claim to the SBA *before* the state limitations period had expired, the separate six-year federal statute governed and the assigned claim was not barred. *Id.*

¶ 13 Here, DeSela assigned her claim to Maddison (now the Estate) *before* the A.R.S. § 12–821 limitations period had expired.[9] At that point, the claim was governed by A.R.S. § 12–502, which applies to Maddison based upon her minority, just as the conservatorship's claim in *Villa* and the federal government's claim in *Kurtz* were governed by a different statute of limitations because the assignment occurred *before* the limitations period for the assignor had expired. Accordingly, the medical expenses claim survives in the hands of the Estate and was timely filed upon the first court filing day after Maddison's eighteenth birthday.[10]

so the last day to sue pushed forward to Monday, December 31, 2007.

**7.** At oral argument, Defendants raised A.R.S. § 12–503 (2003) for the first time. Generally, we do not consider arguments not raised in opening briefs. *State v. Moody*, 208 Ariz. 424, 452 n. 9, 94 P.3d 1119, 1147 n. 9 (2004). In cases of statutory interpretation, however, we are not bound by the parties' arguments if that would lead to an incorrect result. *Lyons v. State Bd. of Equalization*, 209 Ariz. 497, 502 n. 2, 104 P.3d 867, 872 n. 2 (App.2005) (citation omitted). Section 12–503 provides, "[t]he period of limitation shall not be extended by the connection of one disability with another. When the law of limitation begins to run it shall continue to run notwithstanding a supervening disability of the party entitled to sue or liable to be sued." A.R.S. § 12–503. Section 12–503 does not apply after a

party's cause accrues, as occurred here. Nor is DeSela's argument premised on a supervisory disability.

**8.** KSA 60–515 provides:

[I]f any person entitled to bring an action, other than for the recovery of real property or a penalty or a forfeiture, at the time the cause of action accrued or at any time during the period the statute of limitations is running, is less than 18 years of age, an incapacitated person or imprisoned for a term less than such person's natural life, such person shall be entitled to bring such action within one year after the person's disability is removed, except that no such action shall be commenced by or on behalf of any person under the disability more than eight years after the time of the act giving rise to the cause of action.

¶ 14 Defendants' argument also ignores A.R.S. § 44–144 (2003), which provides:

> An assignment of a chose in action shall not prejudice any set-off or other defense *existing at the time of the notice of the assignment.*

(emphasis added). *See also Little v. Brown,* 40 Ariz. 206, 211, 11 P.2d 610, 612 (1932) (explaining that the assignment of a chose in action shall not prejudice set-off or any other defense existing at the time of notice of the assignment); Restatement (Second) of Contracts § 336(2) (1981) (an assignee's right is subject to a claim or defense of the obligor which accrues before the obligor receives notice of the assignment, but is not subject to those defenses or claims accruing thereafter). Here, at the time of the assignment, the Defendants did not have a valid statute of limitations defense.

■ ¶ 15 Defendants argue that *Lopez v. Cole* bars the claim here. 214 Ariz. 536, 538, ¶¶ 8–10, 155 P.3d 1060, 1062 (App.2007). We disagree because *Lopez* did not deal with the statute of limitations, but only whether a child could pursue a claim for medical expenses based upon the parents' consent by waiver. We affirmed summary judgment to the defendants because waiver and implied consent cannot constitute effective parental consent under *Pearson. Id.* at 538, ¶¶ 10–11, 155 P.3d at 1062; *but see Sox v. United States,* 187 F.Supp. 465, 469–70 (E.D.S.C. 1960). Effective consent is established "when there is evidence of a parent's consent to assign the claim to the child." *Lopez,* 214 Ariz. at 538, ¶ 11, 155 P.3d at 1062. We

expressly declined to rule on the statute of limitations question: "Finally, because we find that Laryn [the minor] may not recover for the cost of medical care he received, we do not reach the issue of whether the tolling statute pertaining to minors (A.R.S. § 12–502) applies." *Id.* at 540, ¶ 21, 155 P.3d at 1064.[11]

¶ 16 Defendants cite several cases which they claim reject the type of tolling argument made by the Estate. Again, we disagree. In two of the cases, the limitations period had expired in the assignor's hands *prior* to assignment so the attempted assignment was a nullity. *See Hutto v. BIC Corp.,* 800 F.Supp. 1367, 1372 n. 8 & 9 (E.D.Va.1992)[12]; *Stephens v. Textron, Inc.,* 127 Ariz. 227, 230, 619 P.2d 736, 739 (1980) (citation omitted) (holding that the State Compensation Fund's reassignment of claim to a widow *after* the two-year statute of limitations had passed created no right to sue the tortfeasor). Defendants' reliance on a third case, *State v. Juengel,* 15 Ariz.App. 495, 503, 489 P.2d 869, 877 (1971), *disagreed with on other grounds by New Pueblo Constructors, Inc. v. State,* 144 Ariz. 95, 696 P.2d 185 (1985), is also misplaced because there we merely held that the assignee of a claim is subject to the defense of contributory negligence of the assignor, not the statute of limitations. 15 Ariz.App. at 503, 489 P.2d at 877. Whereas a contributory negligence defense existed at the time of the *Juengel* assignment, no statute of limitations defense barred the claim when DeSela assigned her claim to Maddison three months after the injury.

¶ 17 Similarly inapplicable is *Reimers v. Honda Motor Co., Ltd.,* in which the child was assigned the claim after he had reached majority and did not file until after the statute had run for the assigning parents. 150

9. As *supra,* n. 1, explains, Maddison served a timely notice of claim on the District. Thus, we are not presented with an issue whether the time to serve a notice of claim was tolled because of the assignment to a minor.

10. Our conclusion is consistent with what appears to be the majority view that the appointment of a conservator or guardian ad litem for a minor does not affect the tolling of a statute of limitations for a minor unless the conservator himself owns legal title to the property right at issue and that right is the subject of the litigation. *Luchini by and through Luchini v. Harsany,* 98 Or.App. 217, 779 P.2d 1053, 1055 (1989) (concluding this was majority view). *See also* Mi-

chele Meyer McCarthy, Effect of Appointment of Legal Representative for Minor on Running of State Statute of Limitations Against Minor, 1 A.L.R. 6th 407 (2005) at sections 15–16 (collecting cases).

11. The applicable two-year statute had run on the parents' medical expenses claim. *Id.* at 537–38, ¶ 7, 155 P.3d at 1061–62.

12. *See also Vaughan v. Moore,* 89 N.C.App. 566, 366 S.E.2d 518, 519–20 (1988) (holding that the minor could not bring a claim when the parent assigned the claim to her four years after the accident and the applicable limitations period was three years).

Ill.App.3d 840, 104 Ill.Dec. 165, 502 N.E.2d 428, 429–30 (1986), *superseded by statute as stated in Dewey v. Zack,* 272 Ill.App.3d 742, 209 Ill.Dec. 465, 651 N.E.2d 643 (1995). The court in *Reimers* reasoned that because the assignment had not occurred until after the child had become an adult, the plaintiff was not within the class of persons protected by the tolling statute. *Id.* This case is not instructive because DeSela assigned her claim to Maddison as a minor *before* any limitations period had run.

¶ 18 In a footnote in their answering brief, the District argued without citing any authority, that the assignment occurred 82 days after the statute of limitations began to run so that the filing of the suit was actually 82 days too late. We did not address that argument in our original opinion because we deemed it waived. See *State Farm Mut. Auto. Ins. Co. v. Novak,* 167 Ariz. 363, 370, 807 P.2d 531, 538 (App. 1990) (court will not consider argument in brief when party fails to cite any authority for argument). The District again addressed this argument in a motion for reconsideration, citing authority. We disagree with the District. The statute of limitations could not have possibly begun to run on Maddison's claim until that claim was assigned to her. Moreover, the District's argument ignores the last sentence of A.R.S. § 12-502, which provides that the disabled person "shall have the same time after removal of the disability which is allowed to others."[13]

¶ 19 Finally, applying the bar of § 12–502 to the Estate's claim for medical expenses would serve no identifiable public purpose. Tolling the statute of limitations permits Maddison and her Estate to better determine and seek recovery for the full extent of her damages. Defendants are not deprived of the benefit of the notice of claim statute because it is undisputed that they received the notice of claim from Maddison within six months of her injury. *Backus v. State,* 220 Ariz. 101, 104, ¶ 10, 203 P.3d 499, 502 (2009) (citations omitted) (purpose of notice of claim statute is to permit public entities and employees to investigate basis for, consider settling and budgeting claims). Nor are Defen-

dants faced with a stale claim because the timely notice of claim permitted them to know of and investigate the facts underlying the claim. *See City of Tucson v. Clear Channel Outdoor, Inc.,* 218 Ariz. 172, 178, ¶ 5, 219 P.3d 219, 225 (App.2008) (purpose of limitations defense is to avoid defendants having to litigate stale claims).

¶ 20 In sum, the Estate timely asserted the assigned claim for medical expenses. We accordingly reverse the superior court's dismissal based upon the statute of limitations defense. Our resolution of the case obviates the need to consider the other arguments raised by the Estate.

## CONCLUSION

¶ 21 We reverse the dismissal and remand this case to the superior court for further proceedings consistent with our decision.

CONCURRING: PATRICK IRVINE, Presiding Judge and MICHAEL J. BROWN, Judge.

---

13. The District Court only cites to one Arizona case, which did not address the meaning of "tolling" of the statute of limitations. It cites to two unpublished decisions of other jurisdictions in

violation of Arizona Supreme Court Rule 111(c) and Arizona Rule of Civil Appellate Procedure 28(c). We will not consider those decisions.