[Civil No. 4552. Filed May 17, 1943.]

[137 Pac. (2d) 381.]

PEARSON & DICKERSON CONTRACTORS, INC., a corporation, Appellant, v. JOHN W. HARRINGTON, a minor, by JAMES E. HARRINGTON, guardian ad litem, Appellee.

Messrs. Baker & Whitney and Mr. Harold E. Whitney, and Messrs. Patterson & McFate, for Appellant.

Messrs. Morgan & Locklear, for Appellee.

ROSS, J.—The plaintiff, John W. Harrington, a minor, brought this action by James E. Harrington, his father, as guardian *ad litem*, against defendant, Pearson & Dickerson Contractors, Inc., to recover damages for personal injuries sustained from being struck by a Ford truck of defendant's driven by Phil O. Ratliff, employee of defendant, on the Truck Route of Highway 89 about one-half mile east of the City of Prescott.

In its answer the defendant defended on the ground that the plaintiff was struck by its truck and injured, as alleged, due (1) to his own negligence and (2) to his contributory negligence.

The case was tried before a jury and resulted in a verdict and judgment for plaintiff.

The defendant has appealed from the judgment assigning as reasons therefor (1) that the evidence shows no actionable negligence on its part; (2) that it shows plaintiff's injuries were proximately caused by his own negligence, and (3) that the court erred in its instructions to the jury.

The accident occurred July 11, 1941, at about 2:00 P. M. Plaintiff, at the time a minor 19 years of age, was on his way to work. In his complaint he charges that he was walking along said Truck Route of Highway 89, on the left side thereof in a southwesterly direction, when defendant's truck, approaching along said route from the opposite direction at a high rate of speed, drove directly towards plaintiff compelling him to flee towards the right or north side of the highway, where he was struck and run down by defendant's truck with such force that his body was thrown over the hood and his head forced through the windshield thereof.

The only eyewitnesses to the accident were the plaintiff and Ratliff, the driver of defendant's truck, and they do not agree as to the facts. According to plaintiff he was blameless, and, if the driver Ratliff is believed, he was without fault.

The physical evidence on the ground, when considered in connection with the testimony of witnesses, does not lead to any definite or satisfactory conclusion as to whose was the fault. In such circumstances, the injury being admitted, we think the liability therefor became a question for the jury under proper instructions. The trial court's action in submitting the questions of negligence and contributory negligence to the jury is convincing proof of that tribunal's conviction that the evidence of negligence on the part of defendant was sufficient to take the case to the jury.

It may be granted that plaintiff by his conduct contributed to his injury, but whether he did or not was a question for the jury. It is made so by the state Constitution, Article XVIII, section 5, which reads as follows:

"The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a

question of fact and shall, at all times, be left to the jury.''

Of this provision, in *Inspiration Consolidated Copper Company* v. *Conwell*, 21 Ariz. 480, 190 Pac. 88, 90, we said:

'' . . . We are therefore called upon to determine for the first time in this jurisdiction, the scope and effect of the constitutional provision. The language of the provision is plain and unambiguous, and to our minds clearly indicates that the power or duty to finally and conclusively settle the question of contributory negligence or assumption of risk is, by its terms, transferred from the court to the jury. If this is not the force and effect of the provision, we can conceive of no reason why the framers of the Constitution should have adopted the measure. We think that the evident purpose and intent of the provision is to make the jury the sole arbiter of the existence or nonexistence of contributory negligence or assumption of risk in all actions for personal injuries. . . . ''

The decision has been uniformly followed ever since by the courts of the state. *Dennis* v. *Stukey,* 37 Ariz. 299, 294 Pac. 276; *Campbell* v. *English,* 56 Ariz. 549, 110 Pac. (2d) 219.

 It is undisputed that the driver of defendant's truck left his side of the road and ran into plaintiff while the latter was striving as best he could to get out of the way. The driver explains his conduct as an effort to avoid injuring plaintiff. Plaintiff insists the driver could have easily avoided the accident by keeping on his own side of the road or by veering his truck farther to the left.

The driver says that when he was within 75 or 80 feet of plaintiff the latter stopped in the graveled portion of the highway and looked at him; that he then took his foot off the brake and, when within 25 or 30 feet of plaintiff, plaintiff moved in front of him; that he did not see anything to do but to swerve

to the left, as he did; that the front of his truck struck a guidepost and tore off about an inch of it and 15 feet farther on collided with plaintiff, who at the time was well on the left side of the road. This witness testified that when he first saw plaintiff the latter was about 300 feet away, approaching the road in a kind of dog trot; that at the time of the collision, the truck was going about 20 miles an hour. According to this witness, although he saw plaintiff in the act of crossing the highway in front of him, he did not reduce the speed of his truck below 20 miles an hour. At this point the paved part of the road is 25 feet wide. The plaintiff was on the south side thereof when the driver, according to his statement, was 25 to 30 feet away, traveling at 20 miles an hour. It is difficult to see how plaintiff, in a split second of time, got on the north side and in front of the truck.

Plaintiff testified he stopped on the south side of the road and looked both ways; that he saw defendant's truck approaching from the west, quite a distance away, far enough away for him to cross safely under ordinary conditions; that he started across, keeping the corner of his eye on the truck all the time, and when he got to the middle of the road, just about where the white line is, he noticed the truck veering towards him; that when he first saw the truck it was on its, the right, side of the road; that he hesitated an instant and started across and the truck veered in his direction and hit him, when it was on the wrong side of the road and when he was about across.

We think the evidence was ample to show primary negligence upon the part of the defendant. *Davis* v. *Boggs,* 22 Ariz. 497, 199 Pac. 116.

This disposes of the first two assignments, one being that no negligence on the part of the defendant was shown, and the other that it appears that the proximate cause of plaintiff's injury was his own negligence.

Whether the instructions correctly informed the jury as to its duty under the facts is the remaining question for consideration. At the request of plaintiff, the court instructed the jury as follows:

"You are instructed that an owner of an automobile or truck has the right to use the highways of the state, provided in using them he uses reasonable care and caution for the safety of others. It is the operator's duty to keep his motor vehicle always under control so as to avoid a collision with others using the highway and he has no right to assume that the road is clear, but under all circumstances and at all times must be vigilant and must anticipate and expect the presence of others. And if he fails to use such reasonable care and caution and thereby injures another, such failure on his part would constitute negligence and he would be liable in damages for any injury caused by his negligence."

"You are instructed that pedestrians have a right to travel anywhere upon a public highway and an automobile driver is required to drive carefully to prevent danger to others using the highway. The driver has no right to assume that the road is clear, but under all circumstances and at all times must be vigilant and must anticipate the presence of others and keep his machine under such control as will enable him to avoid collision with other persons using proper care and caution. If you find from the evidence that Phil O. Ratliff, driver of defendant's pick-up truck failed to exercise the required vigilance then your verdict must be for the plaintiff."

The defendant claims that these instructions do "not properly state the law applicable to the facts of the case and placed an unconscionable burden upon the driver of a motor vehicle along a highway, and in substance told the jury that such driver was liable for a collision with a pedestrian under any and all circumstances."

We do not believe the instructions are subject to the criticism here made. The public, consisting of

pedestrians and persons operating or occupying vehicular conveyances, are alike entitled to travel on highways dedicated to their use. The rights of course are relative and must be exercised with due regard to the rights of each other. The obligation to keep a lookout so as not to injure others on public highways is constant and continuing and no one has the right to act as though he were the only person thereon or entitled to be thereon.

These instructions do not place "an unconscionable burden" on defendant but lay down a rule necessary for the safety of the public and one not difficult to follow by persons exercising ordinary care, and of course they did not tell the jury that a driver of an automobile is liable for a collision with a pedestrian "under any and all circumstances," as suggested.

In *Meyers* v. *Bradford,* 54 Cal. App. 157, 201 Pac. 471, the following instruction was approved:

"It is part of the duty of the operator of a motor vehicle to keep his machine always under control so as to avoid collisions with pedestrians and other persons using the highway. He has no right to assume that the road is clear, but under all circumstances and at all times he must be vigilant and must anticipate and expect the presence of others. Accordingly, the fact that he did not know that any one was on the highway is no excuse for conduct which would have amounted to recklessness if he had known that another vehicle or person was on the highway."

In commenting on the instruction that court said:

"That said instruction demands the proper attitude of an operator in the situation referred to can hardly admit of doubt. It suggests a fundamental principle that must be observed in order to avoid illegal injury to another. The basis of the instruction is that in the enjoyment of a common right the participant must exercise constant care that the correlative right of others may not be unnecessarily impaired or destroyed.

The highways are, of course, established and maintained at public expense for the use and benefit, for lawful purposes, of all the citizens, and it cannot be claimed that the drivers of automobiles have any special right or privilege in the use or enjoyment thereof. The law indeed imposes upon them a degree of care commensurate with the peculiar hazard attending the operation of these modern vehicles.

This instruction has been approved in *Angelo* v. *Esau,* 34 Cal. App (2d) 130, 93 Pac. (2d) 205; *Bramble* v. *McEwan,* 40 Cal. App (2d) 400, 104 Pac. (2d) 1054; *Hilton* v. *Carey,* 41 Cal. App. (2d) 375, 106 Pac. (2d) 944; *Bauer* v. *Davis,* 43 Cal. App. (2d) 764, 111 Pac. (2d) 715; *Blanton* v. *Curry,* 20 Cal. (2d) 793, 129 Pac. (2d) 1.

██ ██ The giving of the following instruction is assigned as error:

"I instruct you that among the defenses that the defendant has entered in this case is one of contributory negligence. The burden of proving this rests with the defendant and unless you find that the defendant has proved by a fair preponderance of the evidence that the said plaintiff was guilty of contributory negligence, and that said contributory negligence contributed as a proximate cause, you should find for the plaintiff on this plea, so far as the issue of contributory negligence is concerned, unless the plaintiff's own testimony shows that he was guilty of contributory negligence."

It is claimed the instruction does not properly state the law applicable to the facts and that it assumes that defendant was guilty of primary negligence when "the only question in the case was whether the plaintiff was guilty of contributory negligence." One of the grounds upon which defendant relied to defeat recovery was that the accident was contributed to by plaintiff's negligence. This was an affirmative defense and the burden of establishing it was upon defendant. Whether the evidence showed plaintiff guilty of con-

tributory negligence or not was properly left to the jury to decide under the instruction and, as heretofore stated in this opinion, the verdict on that question is conclusive.

 The court, at the instance of plaintiff, gave a hypothetical instruction based upon a state of facts disclosed by the evidence and told the jury that such facts, if believed by them, established negligence on the part of the defendant. This instruction is assigned as error as placing an unconscionable burden on defendant, as being a comment on the evidence in singling out and emphasizing a part thereof, and as ignoring the defense of contributory negligence.

In 64 Corpus Juris 528, section 480, it is said:

"Where the evidence is such as to raise questions of fact for the jury, the trial court may properly charge hypothetically, that is, may propound the law and direct its application to the facts as they may be found, provided the legal conclusion necessarily follows from the hypothesis stated, and such an instruction does not necessarily constitute an objectionable comment on the evidence or invade the province of the jury. So, also, a charge stating the legal conclusions which would result from the establishment of certain facts is not subject to objection as a charge on the facts, or as assuming the truth of the facts so stated; nor is such a charge within the rule prohibiting the singling out of particular facts in the chain of proof. If the charge thus given is supposed to influence the minds of the jury in their determination of the facts, the opposite party should pray the court to state the law as applicable to the converse of the facts supposed. It is not necessary to the giving of an instruction that the evidence should establish conclusively the hypothesis stated in it; if there is any evidence conducing to establish the assumption it is sufficient to authorize the giving of the instruction, and it is for the jury to find whether the facts stated are made out by the evidence. . . . "

The instruction left it to the jury to determine whether the facts upon which it was based had been established by the evidence. If the facts were established, one conclusion of law followed, to wit, defendant was guilty of negligence. The defendant made no request of the court "to state the law as applicable to the converse of the facts supposed," as was its right and privilege. The instruction was not subject to the objections named.

 The plaintiff included in his complaint a claim for medical care, surgical and hospital expenses, including nurses' hire and drugs. It appears that at the time of his injury and the incurring of such expenses he was a minor and had not been emancipated. It is the contention of defendant that such expenses were the obligation of plaintiff's parents and not of plaintiff and that therefore the plaintiff was not entitled to recover such expenses. The trial court took the view that the plaintiff was a proper party to recover such expenses and its holding in that regard is assigned as error.

The defendant insists that the question was settled by this court in *S. A. Gerrard Co.* v. *Couch,* 43 Ariz. 57, 29 Pac. (2d) 151. In that case it was decided that the proper party to bring an action for damages for injuries to a minor child and for the expenses of medical care and treatment was the parent and not the child, citing 31 Corpus Juris 1114, section 252. The rule is one intended to protect a defendant against having to pay such expenses a second time and can have no place in a case where the parents have sued for such expenses as guardians *ad litem* of the child, or where the parents have consented to or approved the recovery of such expenses in an action by the child, which is the situation here. The parents' right to recover such expenses is an ordinary chose in action which they release to the injured infant and certainly,

when they bring an action for such expenses in the name of the infant and as his guardians *ad litem,* it amounts in law to such an assignment. We find the authorities support this rule. *Bauman* v. *City and County of San Francisco,* 42 Cal. App. (2d) 144, 108 Pac. (2d) 989. In 37 A.L.R. 66, in a note, it is said:

"Some of the cases hold that a parent, by bringing an action as guardian or next friend of an injured minor child, in which a claim is made for lost time from work, diminished earning capacity from and after the injuries, medical expenses, etc., estops himself to claim those items in subsequent judicial proceedings in his own behalf; others state that he thereby waives or relinquishes the right of recovery to the child; while still others hold that by such an act the parent is 'conclusively presumed' to have emancipated the child or relinquished his rights of recovery. But whatever the manner of expression, it is held in such cases not only that the father cannot recover in a subsequent action after suing in such a manner, but that, if he brings such a suit in behalf of the child, recovery may be had by the child, in the first instance, thereby avoiding a duplicity of actions."

The rule here announced appears to be supported by reason and authority and certainly is in the interests of all parties as it dispenses with any further proceedings to recover the expenses incurred because of the tort. and consequent injuries.

Finding no prejudicial error in the case, the judgment of the lower court is affirmed.

McALISTER, C. J., and STANFORD, J., concur.