155 P.3d 1060

**Laryn Christopher LOPEZ, minor, by his Guardian Ad Litem, David Lopez, Plaintiffs/Appellants,**

v.

**Harold COLE and Maude Cole, husband and wife, Defendants/Appellees.**

No. 1 CA–CV 06–0477.

Court of Appeals of Arizona,
Division 1, Department A.

April 12, 2007.

Warnock MacKinlay & Associates PLLC By Brian R. Warnock, Krista M. Carman, Phoenix, Attorneys for Plaintiffs–Appellants.

Cavanagh Law Firm, By R. Corey Hill, Christopher Robbins, Phoenix, Attorneys for Defendants–Appellees.

## OPINION

OROZCO, Judge.

¶1 Appellant, Laryn Christopher Lopez (Laryn), appeals the trial court's grant of partial summary judgment to Appellees Harold and Maude Cole (the Coles).[1] The basis of the trial court's ruling was that as a minor, Laryn cannot sue to recover the cost of medical care he received for an injury allegedly caused by the Coles' negligence. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 During 1992, the Coles' children cut a two-foot-square hole in the fence between their property and that of their neighbors, Dennis and Raylene Medigovich (the Medigovichs), who owned a horse on the adjoining property. In 1993, Laryn and his mother, Melody Cole (Mother), were staying with the Coles, his paternal grandparents. On the day of the incident, Mother was outside with Laryn. Mother went inside briefly and when she returned, she could not immediately locate Laryn. She discovered that Laryn had climbed through the hole onto the Medigovichs' property and had been kicked in the head by the Medigovichs' horse.

¶3 In 2001, more than eight years after the incident, Laryn's uncle and guardian ad litem, David Lopez, filed this action on Laryn's behalf to recover for his injuries and for the medical expenses he incurred following the incident. The suit alleged that the Coles, the Medigovichs and Mother were negligent, and the Medigovichs' horse was an attractive nuisance. Mother and the Medigovichs have settled their claims with Laryn.

¶4 Two years later, the trial court granted summary judgment to the Coles. This court reversed and remanded. On remand, the trial court granted partial summary judgment to the Coles and held that Laryn could not assert a claim for medical expenses. The case proceeded to trial on the remaining claims and the jury found for Laryn. They determined that his damages were $30,000, but found the Coles were only five percent (5%) responsible.[2] Judgment was entered against the Coles in the amount of $1,500 plus $2,046 in costs, for a total award of $3,546.

¶5 Laryn timely appealed and we have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) section 12–2101.B (2003).

## STANDARD OF REVIEW

¶6 On appeal from a grant of summary judgment, we independently determine whether any genuine issues of material fact exist and whether the trial court properly applied the law. *Bentivegna v. Powers*, 206 Ariz. 581, 584, 81 P.3d 1040, 1043 (App.2003). (Citation omitted.) We will uphold the trial court if its decision is supportable on any grounds. *McLeod v. Newcomer*, 163 Ariz. 6, 8, 785 P.2d 575, 577 (App.1989).

## DISCUSSION

*Consent*

¶7 The issue on appeal is whether the claim for medical expenses in this case belonged to Laryn's parents and is therefore barred by the two-year statute of limitations,[3] or whether Laryn can pursue the

1. Harold Cole died prior to the filing of this action.

2. The jury found Mother was 95% responsible for Laryn's injuries.

3. A.R.S. § 12–542 (2003).

claim, and, if so, whether the statute of limitations is tolled pursuant to A.R.S. § 12–502.[4]

¶ 8 Both parties agree the controlling case is *Pearson & Dickerson Contractors Inc. v. Harrington,* 60 Ariz. 354, 137 P.2d 381 (1943). In *Pearson,* our supreme court stated that the proper party to bring an action for damages for the medical expenses of an injured child is the child's parent and not the child. *Id.* at 364, 137 P.2d at 385 (citing *S.A. Gerrard Co. v. Couch,* 43 Ariz. 57, 66–67, 29 P.2d 151, 155 (1934)); *see also State v. Juengel,* 15 Ariz.App. 495, 503, 489 P.2d 869, 877 (1971). However, *Pearson* held that a claim for medical expenses may be brought by a child if "the parents have consented to" recovery by the child. 60 Ariz. at 364, 137 P.2d at 385. The court explained that in such a case, by their consent, the parents release their claim to the child in such a way that "it amounts in law to ... an assignment." *Id.* at 364–65, 137 P.2d at 385.

¶ 9 Laryn argues that his "parents consented or have given their implied consent for [him] to bring the claim for medical bills ... Therefore, Laryn [is] entitled to bring them as part of his damages for his personal injuries." However, there is no evidence in the record the parents gave consent, implied or in fact, for Laryn to pursue the medical expenses, as required by *Pearson. Id.*

■ ¶ 10 Laryn argues his parents consented by waiver because they did not timely bring the claim on their own behalf. The problem with this argument is that *Pearson* clearly requires parental consent, not waiver, before a child may sue for medical expenses. *Id.* at 364, 137 P.2d at 385. Furthermore, Laryn fails to cite any Arizona case holding waiver may constitute the parental consent required in *Pearson. Id.* That is not surprising, given the difference between the two concepts. When a party waives a right, he or she relinquishes the right, and any potential claim based on the right is extinguished.

By contrast, the parental consent discussed in *Pearson* did not extinguish the claim, but allowed it to survive in another's hands. *Id.* at 364–65, 137 P.2d at 385 (parent's consent amounts to an assignment of claim to child).[5]

¶ 11 In sum, Laryn urges us to craft a new rule recognizing that if parents "waive" their claim to medical expenses by not bringing it within the two-year statutory period, the claim passes to the child. We decline to do so and instead follow *Pearson,* which applies when there is evidence of a parent's consent to assign the claim to the child. Here, because the parents did not consent, the consent exception in *Pearson* is not applicable.

### Doctrine of Necessaries

■ ¶ 12 Laryn also contends the doctrine of necessaries grants him the right to sue for his medical expenses. Some states have adopted the doctrine of necessaries to find an exception to the rule that a child may not bring a claim for medical expenses. *See, e.g., Arrabal v. Crew–Taylor,* 159 Md.App. 668, 862 A.2d 431 (Ct.Spec.App.2004). The doctrine applies when the child himself is personally liable for the expenses because his parents cannot afford to pay them, and holds that when the child is liable for those expenses, he may sue to recover them. As explained in *Arrabal,* the doctrine "protects an injured minor's right to recover from a tortfeasor medical expenses *that his or her parents are ill-able to afford and for which he or she ultimately may be liable.*" 862 A.2d at 448.

¶ 13 Laryn argues that the medical expenses he sues to recover were paid by the Arizona Health Care Cost Containment System (AHCCCS). He contends that as a result, AHCCCS "is entitled to a lien for medical services" he received. He argues that because of the lien, he personally may owe a duty to reimburse AHCCCS for those expenses. In that event, he contends, it would

---

4. A.R.S. § 12–502 provides that if a person has not reached the age of eighteen or is of unsound mind when his cause of action accrues, the statute of limitations for the cause of action is tolled until "after removal of the disability," which in this case would be until Laryn's eighteenth birthday.

5. If Laryn is arguing his parents effectively consented to his bringing the claim for medical expenses by waiving any objection to him asserting the claim, his argument fails because *Pearson* does not permit an assignment by parent to child in such a manner.

be unconscionable if he were prevented from recovering medical expenses he owes the State.

¶ 14 The Coles argue that Laryn

has made absolutely no showing that Laryn will be personally responsible for any medical expense incurred by Laryn's parents as related to Laryn's injuries. [He] has not produced a single medical bill for which a health care provider is seeking payment from Laryn. [He] has not produced evidence that any health care provider has ever sought or will seek reimbursement from Laryn. Furthermore, the only evidence of record is that Laryn's parents paid the medical expenses through Health Choice Arizona. There is no evidence that AHCCCS ever intended to or perfected a lien within 60 days from the date that medical care and treatment were rendered.

¶ 15 The State can recover such expenses through a lien only if AHCCCS recorded a statement regarding the claim with the county recorder "within sixty days from the date of notification to the administration of the hospital discharge or rendering of medical care and treatment." A.R.S. § 36–2915 (1999). The statement must include an estimate of the amount "due for hospital or medical care and treatment" and the identity of any parties potentially liable for the damages. *Id.* Despite Laryn's argument, there is no evidence in the record that AHCCCS filed or served any such lien in this case.

¶ 16 There also is no evidence that Laryn's parents were unable or unwilling to pay Laryn's medical bills or, more to the point, that Laryn as a result will ever be responsible for these debts. *See also C.J.S. Infants § 241* (2004) ("[H]ospital services furnished to an infant when required ordinarily constitute necessaries for which the infant may render himself or herself liable.... However, an infant is not liable for medical services rendered where he or she has a parent ... who is not shown to be unwilling or unable to pay.").

¶ 17 In his Reply Brief, Laryn did not address the absence of evidence to support his assertion with respect to a lien; rather he argued that under the collateral source doctrine, "a jury cannot consider who paid the medical expenses." However, that argument misses the point; for the doctrine of necessaries to apply, there must be some showing of Laryn's parents' inability or unwillingness to pay his medical expenses such that some day Laryn will be responsible for these expenses. Because there was no such showing, we do not consider whether the doctrine of necessaries affords an exception to the rule established in *Pearson* that in Arizona, absent consent or assignment by the parent, a claim for medical expenses may not be brought by a minor.

*Public Policy*

¶ 18 Laryn's final argument is that because the ruling denies his claim for medical expenses, "he is left with no remedy" in violation of Article 18, Section 6,[6] and Article 2, Section 13,[7] of the Arizona Constitution and *Barrio v. San Manuel Div. Hosp.*, 143 Ariz. 101, 692 P.2d 280 (1984).

¶ 19 In *Barrio,* the court held that a statute of limitations requiring a minor to bring a medical malpractice case while still underage violated the minor's fundamental rights. 143 Ariz. at 107, 692 P.2d at 286. The statute at issue in *Barrio* required that a medical malpractice action on behalf of a minor under the age of seven be filed by the child's tenth birthday. *Id.* at 103, 692 P.2d at 282. The court held the statute was unconstitutional because it did not "provide reasonable alternatives [but rather] abolishe[d] the action before it reasonably could be brought." *Id.* at 107, 692 P.2d at 286.

¶ 20 However, in this case, Laryn does not have a right to a claim for medical expenses unless his parents consent. Because there is

---

6. "The right of action to recover for injuries shall never be abrogated, and the amount recovered shall not be subject to any statutory limitation."

7. "No law shall be enacted granting to any citizens, class of citizens, or corporation other than municipal, privileges or immunities which, upon the same terms, shall not equally belong to all citizens or corporations."

no evidence that Laryn's parents consented, he has no rights that can be abrogated.

¶ 21 Finally, because we find that Laryn may not recover for the cost of medical care he received, we do not reach the issue of whether the tolling statute pertaining to minors (A.R.S. § 12–502) applies.

## CONCLUSION

¶ 22 For the reasons stated above, we affirm the trial court's determination that Laryn could not recover medical expenses incurred as a result of the accident.

CONCURRING: DIANE M. JOHNSEN, and MAURICE PORTLEY, JJ.