SUPREME COURT OF ARIZONA
En Banc

ESTATE OF MADDISON ALEXIS DESELA, ) Arizona Supreme Court
a protected person, ) No. CV-10-0172-PR
)
            Plaintiff/Appellant, ) Court of Appeals
) Division One
            v. ) No. 1 CA-CV 09-0244
)
PRESCOTT UNIFIED SCHOOL DISTRICT ) Yavapai County
NO. 1, a public entity of the ) Superior Court
State of Arizona; LOUISA NELSON, ) No. CV 20071495
an employee of Prescott Unified )
School District; TRACEY MASON )
JOHNSTON, an employee of )
Prescott Unified School District, ) **O P I N I O N**
)
            Defendants/Appellees. )
_____)

Appeal from the Superior Court in Yavapai County
The Honorable Michael R. Bluff, Judge

**REVERSED AND REMANDED**
_____

Opinion of the Court of Appeals, Division One
224 Ariz. 202, 228 P.3d 938 (2010)

**VACATED**
_____

JENSEN LAW FIRM, P.C.                                           Prescott
      By    Christopher W. Jensen
            Sean Phelan

And

KNAPP & ROBERTS, P.C.                                          Scottsdale
      By    David L. Abney
Attorneys for Estate of Maddison Alexis Desela

HOLM WRIGHT HYDE & HAYS PLC                                      Phoenix
      By    Matthew W. Wright
            David K. Pauole
Attorneys for Prescott Unified School District No. 1,

Louisa Nelson, and Tracey Mason Johnston
JONES, SKELTON & HOCHULI P.L.C.                          Phoenix
     By   Eileen Dennis GilBride
Attorneys for Amici Curiae Arizona Counties Insurance
Pool and City of Phoenix

HUMPHREY & PETERSEN, P.C.                                Tucson
     By   Andrew J. Petersen
Attorneys for Amicus Curiae Arizona Association of
Defense Counsel
_____

**B A L E S**, Justice

¶1      The issue is whether an action to recover medical expenses for injuries to a child is time-barred.  Revising Arizona's common law rule, we hold that both the minor and the minor's parents are entitled to recover pre-majority medical expenses, but double recovery is not permitted.  *Pearson & Dickerson Contractors, Inc. v. Harrington*, 60 Ariz. 354, 137 P.2d 381 (1943), and *S. A. Gerrard Co. v. Couch*, 43 Ariz. 57, 29 P.2d 151 (1934), are overruled insofar as they hold that the right to recover belongs solely to the parents.  Because the minor's action to recover medical expenses was timely under Arizona Revised Statutes ("A.R.S.") sections 12-502 and 12-821 (2010), we reverse the superior court's judgment dismissing that action.

**I.**

¶2      On November 10, 2004, Maddison DeSela, then fifteen years old, sustained a life-threatening injury at Prescott High School.  On January 31, 2005, Maddison's mother assigned to

2

Maddison all claims for medical expenses incurred from the accident.

¶3 On March 22, 2005, Maddison filed a notice of claim with the Prescott Unified School District pursuant to A.R.S. § 12-821.01(A) (2010). This statute generally requires persons having claims against public entities or employees to file pre-litigation notices within 180 days after the claim accrues, but minors may file such notices within 180 days after turning eighteen. *See* A.R.S. § 12-821.01(D). Another statute sets a deadline for filing a lawsuit: "All actions against any public entity or public employee shall be brought within one year after the cause of action accrues and not afterward." A.R.S. § 12-821. A minor, however, may bring such an action that accrues during childhood within one year after turning eighteen. *See* A.R.S. § 12-502 (2010) (providing that minor or person of unsound mind "shall have the same time after removal of the disability which is allowed to others" to file suit).

¶4 Maddison turned eighteen on December 29, 2006. About six weeks later, a court-appointed conservator filed another notice of claim on Maddison's behalf. On December 31, 2007, Maddison's Estate filed this negligence action against the Prescott Unified School District and several school employees (collectively "PUSD"). This filing was within a judicial year of Maddison's eighteenth birthday because December 29, 2007,

3

fell on a Saturday. The complaint sought damages for physical and emotional pain, disability, lost earnings, loss of enjoyment, and medical expenses. PUSD moved to dismiss the action for medical expenses, arguing that the cause of action originally belonged to Maddison's mother and was not brought within one year of its accrual, as required by A.R.S. § 12-821. The superior court granted the motion to dismiss and entered judgment under Arizona Rule of Civil Procedure 54(b).

¶5 The court of appeals reversed. *Estate of DeSela v. Prescott Unified Sch. Dist.*, 224 Ariz. 202, 228 P.3d 938 (App. 2010). Citing *Pearson*, the court noted that Arizona law has long held that a parent is the proper party to bring an action for medical expenses resulting from injuries to a child. *Id.* at 204 n.4, ¶ 8, 228 P.3d at 940 n.4. But *Pearson* also recognized that a parent can assign the right of recovery to the child. *Pearson*, 60 Ariz. at 364-65, 137 P.2d at 385. Here, Maddison was expressly assigned the claim for medical expenses on January 31, 2005, or eighty-two days after the accident. The court of appeals reasoned that the assignment triggered the tolling provision of A.R.S. § 12-502, and this statute allowed Maddison to bring the action for medical expenses within one year of her eighteenth birthday. *Estate of DeSela*, 224 Ariz. at 205 ¶ 13, 228 P.2d at 941.

¶6 PUSD petitioned for review, arguing that the court of

appeals erred by applying § 12-502 to toll the limitations period for an assigned cause of action or, alternatively, by not subtracting eighty-two days from Maddison's one-year limitations period to reflect the time between the accrual of the action and its assignment. We granted review because determining the limitations period for recovery of medical expenses resulting from injuries to minors is an issue of statewide importance. We have jurisdiction under Article 6, Section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24.

**II.**

¶7     The court of appeals assumed, consistent with *Pearson*, that a parent is entitled to recover medical expenses for injury to the child, but the parent may assign the claim to the child. *Estate of DeSela*, 224 Ariz. at 204 ¶ 8, 228 P.3d at 940; *cf. Webb v. Gittlen*, 217 Ariz. 363, 366 ¶ 13, 174 P.3d 275, 278 (2008) (discussing assignment of causes of action). PUSD did not dispute the validity of the assignment. The parties understandably focused their arguments below on whether A.R.S. § 12-502 affects the running of the limitations period that would have applied, absent the assignment, to an action by Maddison's mother.

¶8     Before this Court, Maddison's Estate argued for the first time that *Pearson* should be reconsidered and that the right to recover medical expenses should belong to both the

parent and child, provided that no double recovery may occur. Arguments raised initially in a supplemental brief are generally deemed waived. *See Grand v. Nacchio*, 225 Ariz. 171, 177 ¶ 33, 236 P.3d 398, 404 (2010). This rule, however, is a prudential one, and "we have made exceptions to consider questions that are of great public importance or likely to recur." *In re Leon G.*, 200 Ariz. 298, 301 ¶ 8, 26 P.3d 481, 484 (2001), *vacated on other grounds*, *Glick v. Arizona*, 535 U.S. 982 (2002). Moreover, the court of appeals was bound by *Pearson* and therefore unable to address its continued viability. Under the circumstances, we exercise our discretion to consider the merits of the Estate's arguments.

¶9    *Pearson*, decided in 1943, stated that in cases involving injury to a child, "the proper party to bring an action for . . . the expenses of medical care and treatment [is] the parent and not the [injured] child." 60 Ariz. at 364, 137 P.2d at 385 (discussing *Gerrard*, 43 Ariz. at 66-67, 29 P.2d at 155). Explaining that this rule "is one intended to protect a defendant against having to pay such expenses a second time," the Court refused to apply it to bar a child's recovery of medical expenses when a parent had sued on the child's behalf as guardian ad litem. *Id.* The Court held that, in these circumstances, the parent was deemed as a matter of law to have assigned the action to the child, thereby allowing recovery in

6

the child's name.  *Id*. at 364-65, 137 P.2d at 385.  The Court further noted that recovery of medical expenses by the child would preclude duplicate recovery by the parent.  *See id.*

¶10    We agree that *Pearson* should be reconsidered insofar as it holds that, absent an assignment, the right to recover pre-majority medical expenses belongs to the parent and not the child.  *Pearson* relied on *Gerrard*, which held that "ordinarily an infant suing for personal injuries cannot recover for the impairment of his earning capacity during infancy, or for loss of time, or for expenses in curing his injuries."  43 Ariz. at 67, 29 P.2d at 155 (quoting 31 Corpus Juris 1114, § 252).  This rule reflected the notion that a minor's services and earnings "belonged to his parents," and therefore the damages claim for the child's injuries also belonged to the parents.  *Id*. at 66, 29 P.2d at 155.

¶11    The underpinnings of *Pearson* and *Gerrard* have been eroded by the development of Arizona's common law.  *Gerrard* treated the parent-child relationship in economic terms, much like the relation between master and servant.  In determining tort liability for injuries to children, however, we have since observed that "the common law master-servant analogy is clearly antiquated and long overdue for judicial burial."  *Howard Frank, M.D., P.C. v. Superior Court*, 150 Ariz. 228, 233, 722 P.2d 955, 960 (1986) (recognizing parents' cause of action for loss of

consortium with adult child). Nor does avoiding double recovery, the only rationale identified in *Pearson*, justify characterizing an action to recover medical expenses for a minor's injuries as belonging solely to the parents. That concern can be addressed simply by denying double recovery for the same expenses, as *Pearson* itself recognized. *Cf. Villareal v. Ariz. Dept. of Transp.*, 160 Ariz. 474, 479, 774 P.2d 213, 218 (1989) (recognizing child's cause of action for loss of consortium with parent and noting that double recovery can be avoided by jury instructions and special verdicts).

¶12 We thus consider whether other reasons justify retaining *Pearson*'s common law rule. PUSD argues that treating a claim for medical expenses as "solely owned" by the parents (1) provides a set time, measured by the limitations period applicable to the parents, in which a claim for medical expenses may be brought; (2) prompts the earlier filing of any separate action by the child for damages other than medical payments (such as pain, disfigurement, or disability) concurrently with the parents' claim for medical expenses; and (3) allows defendants, particularly public entities, to assess their potential liability and make budgeting decisions nearer in time to the underlying injury.

¶13 The disadvantages of the *Pearson* rule outweigh the arguments for its retention. *Cf. Villareal*, 160 Ariz. at 478–

79, 774 P.2d at 217-18 (weighing arguments for and against recognizing child's cause of action for loss of consortium). The benefits that PUSD attributes to the *Pearson* rule are tenuous. Injured children are entitled, independent of any assignment from their parents, to recover various damages, such as long-term disability, pain and suffering, and post-majority medical expenses. Thus, *Pearson* does not generally afford defendants certainty as to the amount of their liability or the timing of claims resulting from injuries to minors.

¶14 Although the *Pearson* rule may encourage the bringing of claims for medical expenses within the parents' limitation period, it does so at the cost of promoting piecemeal litigation, at least in the absence of an effective assignment. *Cf. State ex rel. Packard v. Perry*, 655 S.E.2d 548, 560 (W. Va. 2007) ("It is, frankly, absurd that two separate actions for a child's medical expenses (pre-and post-majority) now arise from the same allegedly tortious conduct."). It also poses a potential trap for the unwary that can insulate defendants from liability for the child's medical expenses for reasons unrelated to the defendant's fault. *Cf. Lopez v. Cole*, 214 Ariz. 536, 539-40 ¶ 20, 155 P.3d 1060, 1063-64 (App. 2007) (barring minor's recovery of medical expenses when parents had not consented to assignment). And insofar as the *Pearson* rule prompts minors to file actions for other damages earlier and concurrently with a

9

parent's claim for pre-majority medical expenses, this result is in tension with the legislative policy expressed in A.R.S. § 12-502 (generally providing that the limitations period for actions by minors does not begin to run until they turn eighteen), and A.R.S. § 12-821.01(D) (allowing minors to file notices of claims within 180 days after turning eighteen).

¶15     Because the common law should adapt when circumstances make it no longer just or consistent with sound policy, *see Villareal*, 160 Ariz. at 477, 774 P.2d at 216, we hold that the right to recover pre-majority medical expenses belongs to both the injured minor and the parents, but double recovery is not permitted.  Several other state courts have reached a similar conclusion.  *See, e.g.*, *White v. Moreno Valley Unified Sch. Dist.*, 226 Cal. Rptr. 742, 745-46 (Ct. App. 1986); *Scott Cnty. Sch. Dist. 1 v. Asher*, 324 N.E.2d 496, 499 (Ind. 1975); *Boley v. Knowles*, 905 S.W.2d 86, 88-90 (Mo. 1995); *Lopez v. Sw. Cmty. Health Servs.*, 833 P.2d 1183, 1191-93 (N.M. Ct. App. 1992); *Perry*, 655 S.E.2d at 560-61.

¶16     Under today's holding, the superior court erred in dismissing the Estate's action seeking recovery of medical expenses.  Maddison, through her Estate, brought this action within one judicial year after she turned eighteen, and the action was thus timely under A.R.S. §§ 12-502 and 12-821. Because Maddison was entitled to bring the claim in her own

right, independent of any assignment, we need not address the application of A.R.S. § 12-502 to other actions that are assigned to a minor.

### III.

**¶17** *Pearson* and *Gerrard* are overruled insofar as they conflict with this opinion. We vacate the opinion of the court of appeals, reverse the superior court's judgment, and remand this case to the superior court for further proceedings.

_____
W. Scott Bales, Justice

CONCURRING:

_____
Rebecca White Berch, Chief Justice

_____
Andrew D. Hurwitz, Vice Chief Justice

_____
A. John Pelander, Justice

_____
Michael D. Ryan, Justice (Retired)