NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DAVID GLEN WIGGINS, *Appellant.*

No. 1 CA-CR 13-0344
FILED 07-24-2014

Appeal from the Superior Court in Maricopa County
No. CR2011-154102-001
The Honorable Karen A. Mullins, Judge

**AFFIRMED IN PART AS CORRECTED; VACATED IN PART;
REMANDED WITH INSTRUCTIONS**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Adriana M. Zick
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Stephen Whelihan
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Chief Judge Diane M. Johnsen joined.

**N O R R I S**, Judge:

¶1          David Glen Wiggins appeals from his convictions and sentences for first degree murder, aggravated assault, endangerment, and unlawful flight from pursuing law enforcement vehicle. The convictions stem from Wiggins's conduct in fleeing from police officers and causing a traffic accident that resulted in the death of an eleven-year-old boy and injured the boy's father and seven-year-old brother. Wiggins argues the superior court should not have imposed aggravated sentences on the aggravated assault and endangerment convictions and should not have ordered him to pay restitution and the cost of DNA testing. For the following reasons, we affirm Wiggins's convictions and sentences as corrected but vacate the order directing him to pay restitution and remand to the superior court to determine the amount of restitution.

## FACTS AND PROCEDURAL BACKGROUND

¶2          The superior court sentenced Wiggins to the presumptive prison term of life imprisonment with the possibility of parole after 35 years for first degree murder, together with concurrent aggravated terms of 19 years for aggravated assault and 2.75 years for endangerment and a concurrent presumptive term of 1.5 years for unlawful flight from pursuing law enforcement vehicle. The court also ordered Wiggins to pay restitution to the victims and authorized the Department of Corrections to make monthly withdrawals from his inmate account for that purpose. Additionally, it ordered Wiggins to submit to DNA testing.

## DISCUSSION

¶3          As an initial matter, we note Wiggins did not object to any of the superior court's sentencing orders. Accordingly, we limit our review to fundamental error. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005). To obtain relief under this standard of review, Wiggins has the burden of showing both fundamental error and resulting prejudice. *Id.* at ¶ 20. An illegal sentence, however, constitutes fundamental error, and we will reverse it on appeal notwithstanding lack

of an objection. *State v. Cox*, 201 Ariz. 464, 468, ¶ 13, 37 P.3d 437, 441 (App. 2002).

I.      Aggravated Sentences

**¶4**       Wiggins argues the superior court should not have imposed aggravated sentences for his aggravated assault and endangerment convictions because the court did not rely on any qualifying aggravating circumstance that would render these offenses eligible for sentences above the presumptive term. Whether a superior court may employ a particular factor to aggravate a sentence presents a question of law we review de novo. *State v. Tschilar*, 200 Ariz. 427, 435, ¶ 32, 27 P.3d 331, 339 (App. 2001).

        A.      Aggravated Assault Conviction

**¶5**       The superior court relied on the aggravating circumstances found by the jury in imposing an aggravated sentence for Wiggins's aggravated assault conviction against the seven-year-old victim. Specifically, the jury found three aggravating factors: 1) the victim was under the age of 15; 2) the victim suffered emotional or financial harm; and 3) the presence of multiple victims. Wiggins argues, and the State concedes, that neither the young age of the victim nor the presence of multiple victims could have, alone, permitted the court to impose an aggravated sentence because neither factor is specifically enumerated in Arizona Revised Statutes ("A.R.S.") section 13–701(D) (Supp. 2013),[1] but rather they fall within the "catch-all" category of aggravating circumstances under A.R.S. § 13-701(D)(24). *See generally State v. Schmidt*, 220 Ariz. 563, 566, ¶¶ 10-11, 208 P.3d 214, 217 (2009) (only aggravating factors specifically enumerated in A.R.S. § 13-701(D) can render defendant eligible for aggravated sentence). The superior court may consider a "catch-all" aggravator to impose a sentence up to the statutory maximum if a properly found specifically enumerated aggravator makes the defendant eligible for a sentence greater than the presumptive term. *State v. Bonfiglio*, 231 Ariz. 371, 373 ¶ 10, 295 P.3d 948, 950 (2013). Accordingly, the superior court could impose an aggravated sentence on the aggravated assault conviction *only* if the jury properly found the second

___

        [1]Although the Arizona Legislature amended certain statutes cited in this decision after the date of Wiggins's offense, the revisions are immaterial. Thus, we cite to the current version of these statutes.

aggravating circumstance -- emotional or financial harm to the victim -- which is specifically enumerated in A.R.S. § 13-701(D)(9).

### 1. Emotional or Financial Harm to the Victim

¶6        Wiggins challenges the finding of emotional or financial harm on three different grounds. First, he argues the terms "financial harm" and "emotional harm" are unconstitutionally vague. Second, he argues the State failed to present sufficient evidence of the financial harm aggravator. Finally, he argues the verdict form linking "financial or emotional harm" in a single finding deprived him of his right to a unanimous verdict.

### i. Vagueness Challenge

¶7        "A legislative enactment is unconstitutionally vague if it fails to give persons of ordinary intelligence reasonable opportunity to know what is prohibited and fails to provide explicit standards for those who apply it." *State v. Tocco*, 156 Ariz. 116, 118, 750 P.2d 874, 876 (1988) (citations omitted). "Although due process requires notice which provides a fair and definite warning, it neither requires absolute precision nor impossible standards." *State v. Steiger*, 162 Ariz. 138, 141-42, 781 P.2d 616, 619-20 (App. 1989) (citations omitted).

¶8        Wiggins does not contend the meaning of the term "financial harm" is not capable of being understood, only that it does not provide a standard for what amount of financial harm constitutes an aggravating circumstance. Contrary to Wiggins's contention, we read the statutory enumeration of financial harm to the victim to reflect that the presence of *any* pecuniary injury is sufficient to constitute an aggravating factor. Many criminal offenses do not include financial loss as an element of the crime. Thus, when such an offense results in the victim suffering any pecuniary injury, the offense can be viewed as "aggravated" in nature, i.e., causing harm over and above that inherent in the offense. If the Legislature had intended to require proof of some specific minimum amount of financial harm to constitute an aggravating factor, it could have done so by setting forth a specific dollar amount, as it did in defining certain offenses. *See, e.g.*, A.R.S. § 13-1602(B) (Supp. 2013) (designating class of criminal damage offense based on dollar amount of property damaged); A.R.S. § 13-1802(G) (Supp. 2013) (designating class of theft offense based on dollar amount of property or services involved). The absence of any specific minimum amount of financial harm supports the conclusion that the Legislature intended no such minimum.

**¶9**      Wiggins agues such an interpretation runs afoul of the Legislature's intent, as described by our supreme court in *State v. Bly*, 127 Ariz. 370, 372, 621 P.2d 279, 281 (1980), that the presumptive sentence "is to be imposed on the vast majority of first offenders who commit the crime." We reject this argument because the finding of an aggravated factor does not mandate imposition of an aggravated sentence. The superior court is required only to consider the factor in determining the sentence. A.R.S. § 13-701(D). Accordingly, though even minimal financial harm would render a defendant eligible for an aggravated sentence, it would not necessarily result in an aggravated sentence unless the superior court, in the exercise of its discretion, decided that such a sentence was appropriate. *See State v. Harvey*, 193 Ariz. 472, 477, ¶ 24, 974 P.2d 451, 456 (App. 1998) (weight assigned to aggravating and mitigating factors is left to discretion of superior court).

**¶10**      Wiggins similarly argues the aggravating circumstance of emotional harm is unconstitutionally vague because there is no legal standard for what constitutes "emotional harm." We disagree. "We give words their usual and commonly understood meaning unless the [L]egislature clearly intended a different meaning." *State v. Korzep*, 165 Ariz. 490, 493, 799 P.2d 831, 834 (1990) (citation omitted). The usual and commonly understood meaning of "emotional" is "of or relating to emotion: *an emotional illness; emotional crisis.*" *The American Heritage Dictionary* 585 (4th ed. 2006). "Emotion" means "a mental state that arises spontaneously rather than through conscious effort and is often accompanied by physiological changes; a feeling; *the emotions of joy, sorrow, hate, and love. Id.* The term "harm" means "physical or psychological injury or damage." *Id.* at 800. As employed in A.R.S. § 13-701(D)(9), the words "emotional harm," by their usual and commonly understood meaning, give notice that a person who causes a victim to suffer injury or damage to his or her mental state or feelings as a result of the offense will be subject to an aggravated sentence. Because the statute provides sufficient notice that a defendant will be exposed to the possibility of an aggravated sentence if his or her criminal conduct results in the victim suffering injurious feelings, this aggravating circumstance is not unconstitutionally vague.

**¶11**      Wiggins also argues the aggravating circumstance of emotional harm is unconstitutionally vague because it does not quantify the amount of emotional harm that must be suffered. We reject this argument because the existence of any emotional harm to the victim is

sufficient to support a finding of this aggravator and it is within the discretion of the court to decide the weight to give to this factor. *See Harvey*, 193 Ariz. at 477, ¶ 24, 974 P.2d at 456.

ii.    Sufficiency of Evidence

**¶12**        Wiggins also argues the State failed to present sufficient evidence of the financial harm aggravator. We disagree. In considering claims of insufficient evidence, "this court reviews the record to determine whether substantial evidence supports the jury's finding." *State v. Roque*, 213 Ariz. 193, 218, ¶ 93, 141 P.3d 368, 393 (2006) (citation omitted). "Evidence is sufficient to support the finding of an aggravating circumstance if reasonable persons could conclude it establishes the circumstance beyond a reasonable doubt." *State v. Payne*, 233 Ariz. 484, 520, ¶ 163, 314 P.3d 1239, 1275 (2013).

**¶13**        Although the State did not present evidence of any specific dollar amount of financial harm, it presented evidence that the seven-year-old victim suffered substantial and serious physical injuries in the collision, requiring medical treatment and four or five days of hospitalization. Moreover, even after the victim was released from the hospital, he required a special diet, special equipment, and special clothing. Based on this evidence, the jury could find beyond a reasonable doubt the victim suffered financial harm due to his medical treatment and hospitalization and the additional expense of his special diet, equipment, and clothing required after his release from the hospital.

**¶14**        Citing *Lopez v. Cole*, 214 Ariz. 536, 155 P.3d 1060 (App. 2007), Wiggins argues the seven-year-old victim did not suffer any financial harm because the law does not recognize that he, as a minor child, has any legally cognizable liability or claim for medical expenses necessitated by his injuries. In *Lopez*, this court held the minor child could not seek to recover his medical expenses in a civil action because his parents had not consented to assigning the claim to him and the applicable two-year statute of limitations had run on their claim. *Id.* at 538, ¶ 11, 155 P.3d at 1062. The decision in *Lopez* was based on the then-controlling case of *Pearson & Dickerson Contractors, Inc. v. Harrington*, 60 Ariz. 354, 137 P.2d 381 (1943). In that case, our supreme court stated that in cases involving injury to a minor child, the proper party to bring an action for damages for medical expenses is the child's parent and not the child. *Id.* at 364, 137 P.2d at 385. *Pearson*, in turn, relied on *S. A. Gerrard Co. v. Couch*, 43 Ariz. 57, 29 P.2d 151 (1934), in which our supreme court stated that "ordinarily an infant suing for personal injuries cannot recover for the impairment of

his earning capacity during infancy, or for loss of time, or for expenses in curing his injuries" while he is under the "control of his parents." *Id.* at 67, 29 P.2d at 155 (quoting another source).

**¶15** Wiggins's reliance on *Lopez* is misplaced. Our supreme court recently reconsidered the rule applied in *Lopez* and, observing the rule was based on an antiquated master-servant analogy, concluded it is "no longer just or consistent with sound policy." *Estate of DeSela v. Prescott Unified Sch. Dist. No. 1*, 226 Ariz. 387, 389-90, ¶¶ 11-15, 249 P.3d 767, 769-70 (2011). Accordingly, our supreme court overruled *Pearson* and *Gerrard* and held "the right to recover pre-majority medical expenses belongs to both the injured minor and the parents." *Id.* at 390, ¶ 15, 249 P.3d at 770. With its legal underpinnings removed, *Lopez* falls along with *Pearson* and *Gerrard*. Accordingly, evidence a minor victim suffered physical injury as a result of criminal conduct that necessitated medical treatment for which payment is expected is sufficient to support a finding of financial harm to that victim as an aggravator under A.R.S. § 13-701(D)(9).

### iii. Unanimity of Verdict

**¶16** Wiggins also argues the verdict form linking "financial or emotional harm" in a single finding deprived him of his right to a unanimous verdict because it is possible the jury was not unanimous as to which harm satisfied the aggravating circumstance. We disagree. When "the evidence is sufficient to satisfy each alternative prong of an aggravating circumstance," jury unanimity is not necessary regarding which prong satisfied the determination of the existence of that circumstance. *State v. Anderson*, 210 Ariz. 327, 355-56, ¶ 128, 111 P.3d 369, 397-98 (2005). Here, the State presented sufficient evidence supporting the jury's finding of both emotional and financial harm to the victim. Thus, Wiggins was not deprived of his right to a unanimous verdict.

### 2. Consideration of "Catch-all" Aggravator

**¶17** Finally, Wiggins argues the superior court should not have considered the age of the victim as an aggravator because the victim's age increased the aggravated assault offense from a class 3 felony to a class 2 felony. *See* A.R.S. § 13-1204(D) (Supp. 2013) (increasing aggravated assault from class 3 felony to class 2 felony when victim is under 15 years of age). A victim's young age can be considered as an aggravating circumstance pursuant to the "catch-all" provision of A.R.S. § 13-701(D). *State v. Struck*, 154 Ariz. 16, 23, 739 P.2d 1333, 1340 (App. 1987). Unlike the

statutorily enumerated aggravating factors, however, an aggravating factor alleged pursuant to the "catch-all" provision that is also an element of the offense can be used as an aggravator only if the nature of the aggravator "rises to a level beyond that which is merely necessary to establish an element of the underlying crime." *State v. Germain*, 150 Ariz. 287, 290, 723 P.2d 105, 108 (App. 1986).

¶18 We do not need to decide whether Wiggins's misconduct rises to a level beyond that which is merely necessary to establish an element of aggravated assault because, even if we assume the superior court should not have considered this factor, Wiggins would not be entitled to relief under fundamental error review. As discussed above, the superior court properly considered the statutorily enumerated aggravating circumstance of emotional or financial harm to the victim, and Wiggins raises no challenge to the court's consideration of the other "catch-all" aggravating factor of the presence of multiple victims. Nor does Wiggins claim that he was sentenced outside of the lawful aggravated range for his aggravated assault offense. Under these circumstances, absent a timely objection at sentencing, the superior court's consideration of the victim's age does not constitute fundamental, reversible error. *State v. Munninger*, 213 Ariz. 393, 397, ¶ 13, 142 P.3d 701, 705 (App. 2006).[2]

    B.     Endangerment Conviction

    1.     Vagueness Challenge

¶19 In imposing an aggravated sentence for endangerment, the superior court considered the two aggravating factors found by the jury: 1) the victim suffered physical, emotional or financial harm; and 2) the presence of multiple victims. Wiggins argues the court should not have considered emotional and financial harm as an aggravating circumstance because they are both unconstitutionally vague. For the reasons discussed above, see *supra* ¶¶ 7-11, we disagree.

---

[2]Wiggins has also failed to show he was prejudiced by the court's consideration of the victim's age. *See Munninger*, 213 Ariz. at 397, ¶ 14, 142 P.3d at 705. In imposing an aggravated sentence for aggravated assault, the superior court stated "any and all of the aggravating circumstances are sufficiently substantial to warrant a greater than presumptive term."

2.      Sufficiency of Evidence

**¶20**            Wiggins also challenges the sufficiency of the evidence to support the A.R.S. § 13-701(D)(9) factor.  He acknowledges the presence of evidence to support a finding of physical harm to the father who was the victim of the endangerment offense but argues the State failed to present any evidence to support the jury's finding of financial or emotional harm.  We disagree.

**¶21**            First, the State presented evidence the father had suffered financial harm in the form of extensive damage to his vehicle as a result of Wiggins's criminal conduct.  Second, Wiggins's criminal conduct also caused the death of one of the father's sons and serious physical injury to his other son.  Thus, the father suffered undisputed emotional harm as a result of the death of one son and injury to the other, which is directly related to, and caused by, Wiggins's criminal conduct.  *See Tschilar*, 200 Ariz. at 435, ¶ 34, 27 P.3d at 339 (person who assaults more than one victim at once "arguably creates a greater risk of physical and emotional injury as to each as they see the others terrorized or injured").

3.      Unanimity of Verdict

**¶22**            Finally, because the evidence is sufficient to support a finding by the jury of all three alternative prongs of the A.R.S. § 13-701(D)(9) aggravator for the endangerment conviction, we reject Wiggins's argument he was deprived of a unanimous jury verdict.  *Anderson*, 210 Ariz. at 355-56, ¶ 128, 111 P.3d at 397-98.  Accordingly, we conclude the jury's finding of this statutorily enumerated aggravating factor rendered Wiggins eligible for an aggravated sentence on his endangerment conviction.

II.      Restitution Order

**¶23**            At sentencing, the superior court ordered Wiggins to pay restitution for "any and all losses suffered by the victims and the [victims'] family" for the offenses of first degree murder, aggravated assault, and endangerment and authorized the Department of Corrections to make monthly withdrawals from his inmate account for that purpose.  Wiggins argues the restitution order was an illegal sentence because the superior court did not determine the amount of restitution.  The State argues Wiggins's challenge is premature because the superior court retained jurisdiction over restitution until Wiggins completed parole or community supervision.  Although A.R.S. § 13-603(C) (2010) mandates the payment of restitution "in the full amount of the economic loss as determined by the

court," at the time of Wiggins's sentencing, the court had not held a hearing on restitution and had not determined how much restitution Wiggins should pay. Section 13-603 imposes an affirmative duty on the superior court to determine the amount of the victim's economic loss and order restitution in that amount, which should be done as part of sentencing. *State v. Scroggins*, 168 Ariz. 8, 9, 810 P.2d 631, 632 (App. 1991). Thus, we vacate the restitution order and remand to the superior court for an evidentiary hearing to determine the restitution amount. *See id.* (vacating restitution order and remanding where no determination made as to amount of victim's loss).

III.    DNA Testing

**¶24**        Wiggins argues the superior court was not authorized to order him to pay for DNA testing. Although the sentencing minute entry reflects the superior court ordered Wiggins to pay for DNA testing, it did not order him to pay for testing at the hearing. We therefore correct the May 10, 2013 minute entry to omit the requirement that Wiggins pay for DNA testing. *See State v. Reyes*, 232 Ariz. 468, 472, ¶ 14, 307 P.3d 35, 39 (App. 2013).

**CONCLUSION**

**¶25**        For the foregoing reasons, we affirm Wiggins's convictions and sentences as corrected but vacate the sentencing order directing him to pay restitution and remand to the superior court to determine the amount of restitution.



Ruth A. Willingham · Clerk of the Court
FILED: gsh